UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| GARREN GREEN and ALEJANDRO MORANTE, JR. Individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>POWER PRESSURE CONTROL, LLC, JRPPC, LLC, JACK B. RETTIG and MIKE MONTEMAYOR,<br><br>*Defendants.* | Civil Action No. 7:18-cv-00157<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Garren Green and Alejandro Morante, Jr. bring this action individually and on behalf of all others similarly situated (hereinafter "Plaintiffs and the Putative Class Members") who were employed by Power Pressure Control, LLC ("Power Pressure Control"), JRPPC, LLC ("JRPPC"), Jack B. Rettig ("Rettig") and/or Mike Montemayor ("Montemayor") (collectively "Defendants" or "Power Pressure Control") at any time from three years preceding the filing of this Original Complaint through the final disposition of this matter, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2. Plaintiffs also bring a Texas common-law *quantum meruit* claim of unjust enrichment to recover wages for hours worked that were never paid.

3. Plaintiffs and the Putative Class Members are those persons who worked for Defendants within the last three years and have not been paid for all hours worked nor the correct amount of overtime for all hours worked over forty (40) each week in violation of state and federal law.

4. Specifically, Plaintiffs and the Putative Class Members were employed by Defendants from approximately June 2018 until the end of July 2018, but Plaintiffs and the Putative Class Members were not paid for any hours worked in July 2018.

5. Defendants' illegal conduct has caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each week.

6. Although Plaintiffs and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. Defendants knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek on a routine and regular basis during their employment with Defendants.

8. To make matters worse, Defendants failed to compensate Plaintiffs and the Putative Class Members at all for hours worked in July 2018.

9. The FLSA requires that minimum wage and overtime compensation earned during a workweek must be paid on the regular payday for the period in which the workweek ends. *See* 29 C.F.R. § 790.21(b); *see also* 29 C.F.R. § 778.106.

10. Therefore, Defendants' late payment of overtime, and in some cases no payment at all, violates the FLSA and Texas common law.

11. Plaintiffs and the Putative Class Members did not perform work that meets the definition of exempt work under the FLSA.

12. Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

13. Plaintiffs also seek to recover all wages for hours worked that were never paid under a Texas common-law *quantum meruit* claim of unjust enrichment.

14. Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

15. Plaintiff Garren Green ("Green") was employed by the Defendants during the relevant time period. Plaintiff Green did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

16. Plaintiff Alejandro Morante, Jr. ("Morante") was employed by the Defendants during the relevant time period. Plaintiff Morante did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

17. The Putative Class Members are those current and former employees who worked for Defendants at any time in the past three years and were subjected to the same illegal pay system under which Plaintiffs worked and were paid (or not paid as the case is here).

---

[1] The written consent of Garren Green is attached as Exhibit "A."

[2] The written consent of Alejandro Morante, Jr. is attached as Exhibit "B."

18. Defendant Power Pressure Control, LLC, ("PPC") is a Texas for-profit company, licensed to and doing business in Texas, and may be served through its registered agent for services of process: **C T Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.**

19. Defendant JRPPC, LLC ("JRPPC") is the Managing Member of Power Pressure Control, and an employer as defined by 29 U.S.C. § 203(d). Defendant JRPPC is a foreign for-profit company and is registered with the Florida Secretary of State. Defendant Rettig, as the Managing Member of Defendant JRPPC, may be served pursuant to the Texas Long Arm Statute, at **316 Royal Plaza Drive, Fort Lauderdale, Florida 33301, or wherever he may be found**. *See* Tex. Civ. Prac. & Rem. Code 17.043(3).

20. Defendant Jack B. Rettig ("Rettig") is the Managing Member of JRPPC and an employer as defined by 29 U.S.C. § 203(d). Defendant Rettig may be served, pursuant to the Texas Long Arm Statute, at **316 Royal Plaza Drive, Fort Lauderdale, Florida 33301, or wherever he may be found**. *See* Tex. Civ. Prac. & Rem. Code 17.043(3).

21. Defendant Mike Montemayor ("Montemayor") is the President of PPC and an employer as defined by 29 U.S.C. § 203(d). Defendant Montemayor may be served at: **15852 Farm Road 362, Navasota, Texas 77868, or wherever he may be found**.

22. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiffs. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

23. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

24. This Court has supplemental jurisdiction over Plaintiffs' equitable common-law claims because they share a common nucleus of operative facts with Plaintiffs' FLSA claims. 28 U.S.C. § 1367(a); *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 725 (1966).

25. This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District.

26. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

27. Specifically, Defendants have maintained a working presence throughout West Texas and Plaintiffs worked in West Texas throughout their employment with Defendants, all of which are located within this District and Division.

28. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

29. Power Pressure Control is an oilfield service company that provides pressure control and lubrication services to its clients in the oil and gas industry throughout the State of Texas.

30. Defendant Montemayor is the President of Power Pressure Control.

31. Defendant JRPPC is a managing member of Power Pressure Control and is managed by Defendant Rettig.

32. Defendants are joint employers as that term is defined by 29 U.S.C. § 203(d).

33. Plaintiffs and the Putative Class Members worked for Defendants in either the "pump" division or "lubrication" division until Defendants terminated their employment at the end of July 2018.

34. Plaintiffs and the Putative Class Members' primary job duties included transporting pumps to Defendants' clients' well locations, inspecting pipe, and ensuring that pipe connections and

casings were connected properly, in order to assist Defendants' clients with the extraction of crude oil and natural gas from their wells.

35. Defendants promised to pay Plaintiffs and the Putative Class Members an hourly wage in addition to a per diem for all hours worked.

36. However, Defendants did not pay Plaintiffs and the Putative Class Members for all hours worked nor did they pay Plaintiffs and the Putative Class Members overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

37. Plaintiffs and the Putative Class Members regularly worked in excess of forty (40) hours per week. Specifically, Plaintiffs and the Putative Class Members often worked more than seventy (70) hours each week.

38. Plaintiffs and the Putative Class Members worked for Defendants from approximately June 2018 until the end of July 2018, when Defendants Rettig and Montemayor, acting on behalf of Defendants JRPPC and Power Pressure Control, abruptly terminated their employment.

39. After Plaintiffs and the Putative Class Members inquired about their unpaid wages, Defendants stopped communicating with them entirely.

40. Defendants Rettig and Montemayor, acting on behalf of Defendants JRPPC and Power Pressure Control, directly or indirectly hired Plaintiffs and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of their payment of wages.

41. Defendants Rettig and Montemayor, acting on behalf of Defendants JRPPC and Power Pressure Control, maintained control, oversight, and direction over Plaintiffs and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

42. Defendants mutually benefitted from the work performed by Plaintiffs and the Putative Class Members.

43. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiffs and the Putative Class Members.

44. Defendants shared the services of Plaintiffs and the Putative Class Members.

45. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and the Putative Class Members.

46. Specifically, Defendants Rettig and Montemayor, acting on behalf of Defendants JRPPC and Power Pressure Control, dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

47. Moreover, Defendants Rettig and Montemayor, acting on behalf of Defendants JRPPC and Power Pressure Control, had the power to hire and fire Plaintiffs and the Putative Class Members; supervise and control Plaintiffs and the Putative Class Members' work schedule and conditions of employment; determine their rates and methods of payment; and, maintain their employment records.

48. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas common law with respect to the entire employment for the workweeks at issue in this case.

49. Plaintiffs and the Putative Class Members have not been compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

50. Defendants have employed other individuals—the Putative Class Members—who performed the same or similar job duties under the same pay provisions (or lack thereof) as Plaintiffs.

51. Defendants have been aware of their obligation to pay overtime for all hours worked in excess of forty (40) each week to Plaintiffs and the Putative Class Members but have failed to do so.

52. Because Defendants did not pay Plaintiffs and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants pay policies and practices violated the FLSA.

53. Because Defendants did not pay Plaintiffs and the Putative Class Members for all hours worked, Defendants' pay policies and practices also violated Texas common law.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.  FLSA Coverage**

54. All previous paragraphs are incorporated as though fully set forth herein.

55. The FLSA Collective is defined as:

**ALL HOURLY OILFIELD EMPLOYEES WHO WORKED FOR POWER PRESSURE CONTROL, LLC, JRPPC, LLC, JACK RETTIG AND/OR MIKE MONTEMAYOR, AT ANY TIME FROM AUGUST 30, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

56. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

57. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

58. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in

the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

59. During the respective periods of Plaintiffs and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce.

60. In performing the operations hereinabove described, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the (b). The phrase "engaged in commerce" within the meaning of Section 203 of the is to be given "a broad, liberal construction rather than a strained, technical one in order to effectuate the Act's purposes." *Brennan v. Wilson Bldg., Inc.*, 478 F.2d 1090, 1094 (5th Cir. 1973) (citing *Mitchell v. C.W. Vollmer & Co., Inc.,* 349 U.S. 427, 429 (1955)). Congress intended the FLSA "to extend federal control in this field throughout the farthest reaches of the channels of interstate commerce." *Id.* (quoting *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 567–68 (1943)). "There is no *de minimis* requirement. Any regular contact with commerce, no matter how small, will result in coverage." *Uribe v. Andrews & Gould Law Firm,* No. SA-12-CA-7, 2013 WL 12109030, at *2 (W.D. Tex. Jan. 4, 2013).

61. Specifically, Plaintiffs and the FLSA Collective Members were **<u>non-exempt</u>** employees who worked for Defendants during the relevant time period and were engaged in oilfield services that were directly essential to the production of goods for Defendants and related oil and gas companies. 29 U.S.C. § 203(j).

62. At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

63. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

64. All previous paragraphs are incorporated as though fully set forth herein.

65. Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without (a) compensating such non-exempt employees for all of the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed and (b) not compensating such non-exempt employees the amount of overtime compensation they should have been paid on the next scheduled pay date.

66. Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of (a) failing to timely pay Plaintiffs and the FLSA Collective Members overtime compensation for all of the overtime hours they worked and (b) failing to pay Plaintiffs and the FLSA Collective Members for all of the hours they worked in certain workweeks. 29 U.S.C. § 255(a).

67. Defendants knew or should have known their pay practices were in violation of the FLSA.

68. Defendants are sophisticated parties and employers, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

69. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay them according to the law.

70. The decisions and practices by Defendants to not timely pay overtime and in some cases not pay for any hours worked at all was neither reasonable nor in good faith.

71. Accordingly, for any workweeks in which no compensation was paid at all, Plaintiffs and the FLSA Collective Members are entitled to be paid their hourly rate for all straight time hours up to forty (40) hours, and overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

72. For any workweeks in which Plaintiffs and the FLSA Collective Members worked in excess of forty (40) hours per workweek and did not receive overtime compensation on the next scheduled pay date, Plaintiffs and the FLSA Collective Members are entitled to liquidated damages in an amount equal to their overtime compensation, plus attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

73. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees who are (or were) similarly situated to Plaintiffs with regard to the work they have performed and the manner in which they have been untimely paid or, in some cases, not paid at all.

74. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

75. Defendants' failure to timely pay overtime wages for all of the overtime hours worked and, in some cases, the failure to pay at all, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of the Plaintiffs and the FLSA Collective Members.

76. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

77. The specific job titles or precise job requirements of the FLSA Collective Members does not prevent collective treatment.

78. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked.

79. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

80. Accordingly, the FLSA Collective should be certified as defined in Paragraph 55.

## COUNT TWO
### (Violations of Texas Common Law)

81. All previous paragraphs are incorporated as though fully set forth herein.

82. Plaintiffs further bring this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983).

83. Plaintiffs are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants. These claims are independent of Plaintiffs' claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F.Supp.3d 860, 867 (S.D. Tex. 2014).

84. Plaintiffs provided valuable services for Defendants.

85. Defendants accepted Plaintiffs' services and benefited from their timely dedication to Defendants' policies and adherence to Defendants' schedule.

86. Defendants were aware that Plaintiffs expected to be compensated for the services they provided to Defendants and their clients.

87. Defendants have therefore been benefited from services rendered by Plaintiffs and Plaintiffs are entitled to recover pursuant to the equitable theory of *quantum meruit*.

## VI.
## RELIEF SOUGHT

88. Plaintiffs respectfully pray for judgment against Defendants as follows:

a. For an Order awarding Plaintiffs back wages that have been improperly withheld;

b. For an Order certifying the FLSA Collective as defined in Paragraph 55 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all FLSA Collective Members;

c. For an Order approving the form and content of a notice to be sent to all FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

e. For an Order awarding the Plaintiffs the costs of this action;

f. For an Order awarding the Plaintiffs their attorneys' fees;

g. For an Order awarding Plaintiffs pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiffs service awards as permitted by law;

i. For an Order compelling the accounting of the books and records of Defendants; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Date: August 30, 2018

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
**George Schimmel**
Texas Bar No. 24033039
geordie@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys in Charge for Plaintiffs and the Putative Class Members**